UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BY EQUITIES, LLC | CIVIL ACTION |
| VERSUS | No.: 20-1290 |
| | C/W: 20-2540 |
| CARVER THEATER PRODUCTIONS, LLC, ET AL. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court are a *Motion to Stay* **(Rec. Doc. 43)** filed by Ashton Ryan ("Ryan"), an opposition (Rec. Doc. 48) thereto filed by Carver Theater Productions, LLC ("Carver") and Eugene Oppman (collectively referred to as "the Carver Parties"), a reply (Rec. Doc. 52) filed by BY Equities, LLC ("BY Equities"), and a sur-reply (Rec. Doc. 59) filed by the Carver Parties. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion to stay should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises out of two cases that were subsequently consolidated by this Court — the first case, No. 20-1290, entitled "BY Equities, LLC versus Carver Theater Productions, LLC and Eugene Oppman;" and the second, No. 20-2540, entitled "Carver Theater Productions, LLC versus FNBC NMTC No. 1, LLC and ACP NMTC Acquisition Company, L.L.C." Each case concerns the default of a promissory note, the "BY Note" and "Carver Note," respectively. Additionally, both Case No 20-2540 and Case No. 20-1290 stem from the redevelopment of the Carver Theater in

New Orleans. The debt structure created through that transaction consists of an interlocking arrangement of both the BY Note, and the Carver Note, as well as a third: the Leverage Loan Promissory Note. Based on these facts, this Court consolidated the matters. Upon consolidation, Carver filed an amended answer, which included a fraudulent inducement affirmative defense and a third-party demand against Ashton Ryan. The third-party demand alleges that Ryan made representations to the Carver Parties that the BY Note would not have to be paid back, and as such the Carver Parties assert a fraudulent inducement defense in the signing of the BY Note.

Contemporaneously, Ryan is subject to two indictments on charges that pertain to his employment and service with FNBC Bank Holding Company, and its asset, First NBC Bank. Ryan's trial is set for March 15, 2022. Ryan maintains his innocence and has pleaded not guilty to both indictments. Consequently, Ryan filed the instant motion to stay these proceedings pending the completion of his criminal proceedings.

## **LEGAL STANDARD**

"There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions . . . against the same defendant involving the same transactions." *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666 (5th Cir. 1981). "In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *Id.* at

668 (quoting *United States v. Kordel*, 397 U.S. 1, 11-13 (1970)). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Courts in the Fifth Circuit generally consider the following factors in determining whether a stay in a civil action is warranted due to a parallel criminal proceeding: "(1) the extent of the overlap between the criminal case and the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest." *Cruz Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2019 WL 3430267, at *2 (E.D. La. July 30, 2019).

## **PARTIES' ARGUMENTS**

Ryan asserts that he is in the "horns of a constitutional dilemma." Specifically, Ryan avers that if this matter is not stayed, he must either exercise his privileges under the Fifth Amendment and forgo defending himself; or waive his Fifth Amendment right, defend himself, and risk suffering irreparable harm. Ryan argues that his rights under the Fifth Amendment prime the civil matters, and as such, argues that granting the stay would be proper.

In opposition, the Carver Parties argue that the entirety of Case No. 20-1290 should be stayed, but that Case No. 20-2540 should proceed. They argue that Ryan's participation is necessary to assert their fraudulent inducement defense in Case No.

668 (quoting *United States v. Kordel*, 397 U.S. 1, 11-13 (1970)). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Courts in the Fifth Circuit generally consider the following factors in determining whether a stay in a civil action is warranted due to a parallel criminal proceeding: "(1) the extent of the overlap between the criminal case and the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the interests of and the burden on the defendant; (5) the interests of the courts; and (6) the public interest." *Cruz Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2019 WL 3430267, at *2 (E.D. La. July 30, 2019).

## **PARTIES' ARGUMENTS**

Ryan asserts that he is in the "horns of a constitutional dilemma." Specifically, Ryan avers that if this matter is not stayed, he must either exercise his privileges under the Fifth Amendment and forgo defending himself; or waive his Fifth Amendment right, defend himself, and risk suffering irreparable harm. Ryan argues that his rights under the Fifth Amendment prime the civil matters, and as such, argues that granting the stay would be proper.

In opposition, the Carver Parties argue that the entirety of Case No. 20-1290 should be stayed, but that Case No. 20-2540 should proceed. They argue that Ryan's participation is necessary to assert their fraudulent inducement defense in Case No.

20-1290, but that there is no need to depose Ryan or Subpoena him for any documents in Case No. 20-2540.

Finally, BY Equities argues that only the third-party demand against Ashton Ryan in Case No. 20-1290 should be stayed because there are no other claims against Ashton Ryan.

## DISCUSSION

Before ruling on this motion, the Court must evaluate (1) whether "special circumstances exist" to warrant the stay of proceedings; and, if so, (2) to what extent this matter will be stayed.

**I.  SPECIAL CIRCUMSTANCES WARRANT STAYING THESE PROCEEDINGS**

A stay may be warranted only where "special circumstances" exist to prevent a party from suffering substantial and irreparable prejudice. *S.E.C.*, 659 F.2d at 660. In determining whether "special circumstances" exist, this Court will evaluate the aforementioned six factors established by this circuit. *Cruz Mejia*, No. 12-2842, 2019 WL 3430267, at *2.

First, the extent to which the issues in the criminal case overlap with those presented in the civil case. "[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Hansen v. Thorpe*, No. CV 18-6203, 2018 WL 6523129, at *2 (E.D. La. Dec. 12, 2018) (quoting *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906–07 (S.D. Tex. 2008)). In this case, it is not contested that the

4

indictments against Ryan and the claims by Carver Parties against Ryan arising out of the BY Note are substantially similar.

Ryan is under indictment for conspiracy to commit bank fraud, false entries, and notice of forfeiture for violations of 18 U.S.C. §§ 1344, 1349, 1005, and 2. The third-party demand alleges that Ryan engaged in unlawful fraudulent banking transactions as an employee and officer of the First NBC Bank. Therefore, because the third-party demand details the same conduct for which Ryan was indicted, this factor militates in favor of granting the stay.

The second factor to consider is the status of the criminal case. In a criminal case where the defendant has already been indicted, there is a higher likelihood that a defendant could make incriminating statements. *Doe v. Morris*, No. 11-1532, 2012 WL 359315 at *6 (E.D. La. Feb. 2, 2012). Here, Ryan has already been indicted for the same type of wrongdoings that he allegedly committed against the Carver Parties. Therefore, this factor weighs in favor of granting the stay.

As to the third factor, "'in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim.'" *Hansen*, No. CV 18-6203, 2018 WL 6523129, at *3 (*quoting Whitney Nat'l Bank v. Air Ambulance By B & C Flight Mgmt., Inc.*, No. 04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007). Here, the Carver Parties make no argument against staying Case No. 20-1290, nor do they argue that they will be unduly burdened if Case No. 20-2540 is stayed. Rather, they strictly provide that, because Ryan is not a party to Case No. 20-2540 and because no

allegations were made against Ryan therein, Case No. 20-2540 should not be stayed. Because the Carver Parties have not established a compelling private interest in proceeding expeditiously or articulated how they will be prejudiced by the delay, the Court finds this factor weighs in favor of granting the stay.

The fourth factor evaluates the burden on the defendant. "If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Hansen*, No. CV 18-6203, 2018 WL 6523129, at *3. Here, the information Ryan would be forced to produce during civil discovery regards the very same issues in the pending criminal case. Should this Court deny the motion to stay, Ryan would "be forced to choose between [his] civil discovery obligations and [his] ability to assert [his] Fifth Amendment privilege against self-incrimination," *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at *5 (citing *Wehling v. CBS*, 608 F.2d 1084 (5th Cir. 1980), and as such would be greatly prejudiced. Therefore, this factor weighs in favor of granting the stay.

The final two factors regard both the Court's and the public's interest respectively. "The Court has interests in judicial economy and expediency, and conducting the criminal proceedings first advances the judicial economy." *Hansen*, No. CV 18-6203, 2018 WL 6523129, at *3 (internal citations omitted). Therefore, the Court has an interest in staying the current proceeding. Additionally, the "public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained." *Id.* Accordingly,

6

because Ryan would be made to choose between defending these civil actions and abandoning his Fifth Amendment right against self-incrimination, granting the stay is in the public's best interest. Having evaluated all six factors and finding that each in turn weighs in favor of staying, this Court finds that a stay is warranted.

## II.  THE EXTENT OF THE STAY

In determining to what extent this newly consolidated case should be stayed, this Court will evaluate each parties' arguments in turn. Ryan has made no specific request regarding the extent of the stay, only that "this case must be stayed in its entirety." The Carver Parties argue that Case No. 20-1290 should be stayed in its entirety, but that Case No. 20-2540 does not need to be stayed because that case involves allegations of a completely separate promissory note, the Carver note. They aver that because Ryan is not a party to Case No. 20-2540, there is no need to stay that case. However, "[a] witness may properly invoke the [Fifth Amendment] privilege when he 'reasonably apprehends a risk of self-incrimination, ... though no criminal charges are pending against him, ... and even if the risk of prosecution is remote.'" *In re Corrugated Container Anti-Trust Litigation*, 620 F.2d 1086, 1091 (5th Cir. 1980) (quoting *Wehling*, 608 F.2d 1084, 1087 n.5). Additionally, "it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.,* at 486-487, 71 S.Ct. 814; *Ohio v. Reiner*, 532 U.S. 17, 20–21, (2001). Here, the Carver Parties'

argument that Case No. 20-2540 should not be stayed because Ryan is not a party to that case is unpersuasive.

While Ryan is not currently a party to Case No. 20-2540, and no criminal charges are pending regarding the Carver note, both Case No 20-2540 and Case No. 20-1290 stem from the redevelopment of the Carver Theater in New Orleans; the debt structure created through that transaction consists of an interlocking arrangement of three notes: the BY Note, the Carver Note, and the Leverage Loan Promissory Note. Unless it is "perfectly clear" that the witness's answers "cannot possibly" tend to incriminate, the privilege must be sustained. *Hoffman v. United States*, 341 U.S. 479, 488 (1951). *See United States v. Goodwin*, 625 F.2d 693, 700-01 (5th Cir. 1980). *United States v. D'Apice*, 664 F.2d 75, 76-77 (5th Cir. 1981). The Carver Parties allege that Ryan made representations that the BY Note would not have to be paid back, and as such have asserted an affirmative defense of fraudulent inducement in the executing of the BY Note. As previously mentioned, BY Equities is the holder of the BY Note; however, it is secured by, among other things, all of the Carver Parties' right, title, and interest in any notes they may own or hold, including the Carver Note at issue in Case No. 20-2540. Given this interlocking structure, it cannot be said that Ryan's answers, if made a witness, could not possibly tend to incriminate him. Accordingly, the Carver Parties' argument fails.

BY Equities avers that only the third-party demand should be stayed and avers that the remainder of Case No. 20-1290 should proceed. BY Equities argues that, pursuant to the *D'Oench Duhme* doctrine, which bars enforcement of any contractual

term that does not meet the strict documentation, approval, and recordation requirements of 12 U.S.C. § 1823(e), the Carver Parties fraudulent inducement defense would not be aided by Ryan, who has had no access to any bank files in the last four years. This argument fails for two reasons. First, while Ryan has not had access to the bank's files for years, he may have copies of these files in his personal records, which could become material to this litigation during the course of discovery. Second, the Carver Parties have already provided written documentation to which Ryan could provide testimony. (Rec. Docs. 10-13, 49-4). Ryan's testimony could aid in the Court's understanding of these documents and assist the parties in locating other documents that may support the Carver Parties' fraudulent inducement defense.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Ashton Ryan's *Motion to Stay* **(Rec. Doc. 43)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Case No. 20-1290 and Case No. 20-2540 are hereby **STAYED** in their entirety until the criminal charges against Ashton Ryan are adjudicated or otherwise resolved.

New Orleans, Louisiana, this 21st day of April, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9